UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Antoine Maurice Moore,                      Case No. 3:18-cv-010

        Petitioner

v.                                                 MEMORANDUM OPINION
                                                              AND ORDER

Ohio Adult Parole Authority,

        Respondent


## BACKGROUND AND HISTORY

*Pro se* Petitioner Antoine Maurice Moore filed the above-captioned Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. Petitioner indicates he is incarcerated in the Lucas County Jail for post release control violations. He states he was convicted in September 2014, on charges of burglary and escape and was sentenced to two years in prison. He does not list any grounds for relief in his Petition. Instead, where prompted on the form Petition to insert his grounds for relief, he wrote, "N/A." In a subsequent brief filed on April 2, 2018, he states:

> I Antoine Maurice Moore did not violate the conditions of post release control sanction based on a minor drug possession offense as defined in that section, the board or the court may consider the release being the subject of another person seeking or obtaining medical assistance in accordance with that division as a mitigating factor when violation involves a deadly weapon or dangerous ordinance physical harm or attempted serious physical harm to a person. … I am asking if the courts can view this case as a violation of 14 Due Process Equal Protection ARIV3 Court of Appeals.

(Doc No. 13 at 1).

Petitioner also states that an inmate imprisoned for committing a felony while on post release control can only be sentenced to up to half of the total stated prison terms imposed for the original crimes. He indicates he was on post release control when he was charged with escape for violating the terms of his transitional housing. He then indicates he committed a new felony in 2016 while again on post release control. He states, without further explanation, "I am asking if the federal courts can look into this." (Doc. No. 13 at 2) For the reasons set forth below, the Petition is denied and this action is dismissed.

## STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28 U.S.C. § 2254, was signed into law on April 24, 1996, and applies to Habeas Corpus Petitions filed after that effective date. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *see Woodford v. Garceau*, 538 U.S. 202, 210 (2003); *Barker v. Yukins*, 199 F.3d 867, 871 (6th Cir. 1999). The AEDPA was enacted "to reduce delays in the execution of state and federal criminal sentences, and 'to further the principles of comity, finality, and federalism.'" *Woodford*, 538 U.S. at 206 (citing *Williams v. Taylor*, 529 U.S. 362, 436 (2000)). Consistent with this goal, when reviewing an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court, a determination of a factual issue made by a state court shall be presumed to be correct. *Wilkins v. Timmerman-Cooper*, 512 F.3d 768, 774-76 (6th Cir. 2008). The Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Therefore, I may not grant habeas relief on any claim that was adjudicated on the merits in any state court unless the adjudication of the claim either: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an

unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d); *Wilkins*, 512 F.3d 768, 774 -76 (6th Cir. 2008).

A decision is contrary to clearly established law under § 2254(d)(1) when it is "diametrically different, opposite in character or nature, or mutually opposed" to federal law as determined by the Supreme Court of the United States. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). In order to have an "unreasonable application of ... clearly established Federal law," the state-court decision must be "objectively unreasonable," not merely erroneous or incorrect. *Id.* at 409. Furthermore, it must be contrary to holdings of the Supreme Court, as opposed to dicta. *Id.* at 415.

A state court's determination of fact will be unreasonable under § 2254(d)(2) only if it represents a "clear factual error." *Wiggins v. Smith*, 539 U.S. 510, 528-29 (2003). In other words, a state court's determination of facts is unreasonable if its finding conflict with clear and convincing evidence to the contrary. *Id.* "This standard requires the federal courts to give considerable deference to state court decisions." *Ferensic v. Birkett*, 501 F.3d 469, 472 (6th Cir. 2007). AEDPA essentially requires federal courts to leave a state court judgment alone unless the judgment in place is "based on an error grave enough to be called 'unreasonable.'" *Herbert v. Billy*, 160 F.3d 1131, 1135 (6th Cir. 1998).

## DISCUSSION

Petitioner has not asserted grounds upon which I can grant relief. It appears that he disagrees with the finding that he violated post release control. Mere disagreement with the result is not sufficient for me to grant relief. That state court's decision must be contrary to clearly established Federal law, as determined by the Supreme Court of the United States; or based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Petitioner does not allege that either of these occurred.

3

## CONCLUSION

Accordingly, Petitioner's Application to Proceed *In Forma Pauperis* is granted, his Petition is denied and this action is dismissed without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253; Fed.R.App.P. 22(b)..

So Ordered.

s/ Jeffrey J. Helmick<br>United States District Judge